IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                    **CRIMINAL NO. 1:22-cr-79-TMB-BWR**

**ABEL MICHUA-TOTOTZIN**

### ORDER

Now before the Court is Defendant Abel Michua-Tototzin's Motion for Reconsideration [72] of the Court's Order [70] denying Michua-Tototzin's Motion to Reduce Sentence under Sentencing Guidelines Amendment 821—Part B. The Government has not filed a response. Upon review of Michua-Tototzin's Motion, the record, and the applicable legal authority, the Court finds that Michua-Tototzin's Motion for Reconsideration [72] should be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

Michua-Tototzin's current term of incarceration results from his conviction on the multicount indictment for conspiracy to unlawfully transport an alien within the United States in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii), Title 8 U.S.C. § 1324 (B)(i), and Title 8 U.S.C. § 1324(v)(I). Michua-Tototzin was sentenced to a term of 54 months imprisonment. On March 28, 2024, this Court denied Michua-Tototzin a sentence reduction under 2023 U.S.S.C. Amendment 821 because he was ineligible for such a reduction given his aggravating role adjustment under § 3B1.1. He now seeks reconsideration of that decision.

### II. DISCUSSION AND ANALYSIS

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). "Reconsideration is an

'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, Michua-Tototzin submits that the Court erred in finding that he was ineligible for a sentencing reduction because his "acts associated with his crime of conviction satisfy only one of the § 4C1.1(a)(10) criteria." [72], pg. 5. In 2023, the Sentencing Commission added § 4C1.1(a) to the Guidelines, which provides for a two-level reduction in offense level for certain offenders who score zero criminal history points. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.10(e)(2) (U.S. Sent'g Comm'n Nov. 1, 2023). It provides, in relevant part, "[i]f the defendant meets all of the following criteria," including "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . decrease the offense level determined under Chapters Two and Three by 2 levels." *Id.*

In the instant Motion, Michua-Tototzin argues that because his "acts associated with his crime of conviction satisfy only one of the § 4C1.1(a)(10) criteria," he should be entitled to a sentence reduction. Specifically, he asserts that "his crime of conviction does *not* trigger the second prong of §4C1.1(a)(10)" because "the crime did not involve 'engaging in a continuing criminal enterprise.'" [72], pg. 2. While Michua-Tototzin is correct that his crime of conviction did not involve engagement in a continuing criminal enterprise, "he ignores the plain language of § 4C1.1(a), which requires that

a defendant satisfy 'all' of the criteria listed in § 4C1.1(a)(1)-(10), including that he did not receive a U.S.S.G. § 3B1.1 adjustment *and* that he did not engage in a continuing criminal enterprise." *United States v. Rivera-Paredes*, No. 2024 WL 3051671, at *1 (5th Cir. 2024) (citing § 4C1.1(a)(10) and also citing *United States v. Cortez-Gonzalez*, 929 F.3d 200, 203 (5th Cir. 2019)). Thus, while he did not engage in a criminal enterprise, he did receive a § 3B1.1(a) enhancement, and therefore "does not present a nonfrivolous [] argument that he qualified for the two-level reduction." *United States v. Rivera-Paredes*, No. 2024 WL 3051671, at *1 (5th Cir. 2024).[1]

Therefore, after careful consideration of the record, Michua-Tototzin's Motion, the applicable legal authority, the facts and circumstances of this case, the personal history and characteristics of Michua-Tototzin, and the Section 3553 factors, the Court finds that Michua-Tototzin's original sentence of 54 months is appropriate. To be sure, even if Michua-Tototzin was entitled to a sentencing reduction under the amendment to the Guidelines, the Court would not reduce his sentence for all of the reasons articulated at the sentencing hearing when the Section 3553 factors were anlayzed. Michua-Tototzin's Motion for Reconsideration [72] is denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant Michua-Tototzin's Motion for Reconsideration [72] is DENIED.

**This, the 24th day of July, 2024.**

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[1] In support, he cites to the Ninth Circuit's decision in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), which this Court finds unpersuasive because it does not pertain to the issue presented in this action.